## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

**SAJEESH KUMAR KAMALA RAGHAVAN**
**Plaintiff**
**v.**

**JOEDAE L. JENKINS (Official Capacity)**
**Defendant #1**
**W. CHRISTOPHER FRULLA (Individual Capacity)**
**Defendant #2**
**REMMIA SUKAPURATH (Individual Capacity)**
**Defendant #3**
**LEAH LLOYD HILLIS (Individual Capacity)**
**Defendant #4**
**SHELBY COUNTY, TENNESSEE**(Government Entity)
**Defendant #5**

**No.:**
**JURY DEMANDED**

RECEIVED

MAR 16 2026

Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN, Memphis

## VERIFIED COMPLAINT FOR EMERGENCY INJUNCTIVE AND DECLARATORY RELIEF (42 U.S.C. § 1983 — CONSTITUTIONAL COLLAPSE & SUPREMACY CLAUSE VIOLATIONS)

Plaintiff, Dr. Sajeesh Kumar Kamala Raghavan, pro se, brings this action to redress the deprivation of rights secured by the Fourteenth Amendment and the Supremacy Clause, stating as follows:

## I. JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1983 and the United States Constitution.

2. Jurisdiction is conferred by 28 U.S.C. § 1331 and § 1343.

3. Venue is proper under 28 U.S.C. § 1391(b) as the judicial acts and constitutional deprivations occurred within this District.

## II. PRELIMINARY STATEMENT

4. This action seeks emergency intervention to halt a predatory campaign of Judicial Coercion and Harassment presided over by Chancellor Jenkins.

5. Under the "Bad Faith Exception" to the *Younger* Abstention Doctrine, federal intervention is mandatory because the state forum has ceased to function as a neutral tribunal.

6. The state forum has been converted into a "pay-to-play" extortion scheme where constitutional rights are traded for private judicial fees, punctuated by the Chancellor's arbitrary sanction of Plaintiff to weaponize the court's docket.

7. This collapse is systemic, institutional, and coordinated; it originated with a "Passport Ransom" facilitated by state-actor involvement and finalized by official court personnel who validated instruments extracted under duress.

8. This conspiracy continues through the "Ghost Court" operations of Defendant Frulla, an unassigned candidate-judge exercising state power within a jurisdictional void maintained by Shelby County.

9. When Plaintiff sought federal redress, he was met with explicit bench-issued threats of "dire consequences."

10. Under the *Monell* doctrine, Defendant Shelby County is liable for this foreseeable constitutional collapse and its failure to provide ministerial oversight of its court staff and processes.

## III. JURISDICTIONAL GATEWAY & ABSTENTION EXCEPTIONS

11. **Federal Question:** This action arises under 42 U.S.C. § 1983 for violations of the First, Fourth, and Fourteenth Amendments and the Supremacy Clause.

12. **Younger Abstention Exceptions:** Plaintiff affirmatively pleads the "Bad Faith" and "Extraordinary Circumstances" exceptions. The state forum is currently a "closed loop" of retaliation due to explicit judicial threats.

13. **Rooker-Feldman:** This Court has jurisdiction because the state orders challenged are *void ab initio*, having been signed by an actor in the "clear absence of all jurisdiction."

14. **Inadequate State Remedies:** The state forum is procedurally inadequate as Chancellor Jenkins has demonstrated an intent to ignore Mandatory Stay provisions of *Tenn. Sup. Ct. R. 10B*. Exhaustion is futile as the imminent loss of parental interests on March 23, 2026, constitutes irreparable harm.

## TABLE 1: THE LEGAL FRAMEWORK (IMMUNITY ANALYSIS)

| DEFENDANT | CONSTITUTIONAL CLAIM | THE "SMOKING GUN" PREDICATE | LEGAL IMMUNITY STATUS |
|---|---|---|---|
| **Chancellor Jenkins** | 1st Amendment Retaliation | Threatened "dire consequences" in open court (March 12, 2026) for Plaintiff's federal filings. | **NONE:** Retaliatory threats are not "judicial acts." |
| **Judge Frulla** | 14th Amendment Due Process | Performed "Ghost Litigation" extensions without a ministerial docket assignment. | **NONE:** Acting in the "clear absence of all jurisdiction." |
| **Leah Hillis** | 42 U.S.C. § 1983 Conspiracy | Written admission: "I understand he [Frulla] is not assigned... Nothing we have done is prohibited." | **NONE:** State-actor status via willful concert with judges. |

| DEFENDANT | CONSTITUTIONAL CLAIM | THE "SMOKING GUN" PREDICATE | LEGAL IMMUNITY STATUS |
|---|---|---|---|
| Shelby County | *Monell* Liability | Custom of allowing "judge-shopping" and ministerial failures in the Clerk's Office. | NONE: Failure to train/supervise ministerial staff. |
| Remmia Sukapurath | Supremacy Clause | Utilized "ransom" of a U.S. Passport to coerce a signature on a POA. | NONE: Private actor conspiring to violate federal law. |

## IV. STATEMENT OF FACTS

15. **The "Ghost Court" Jurisdictional Vacuum:** Between October 2025 and February 2026, Case No. CT-4324-21 was maintained in an administrative vacuum. On February 12, 2026, the Clerk admitted the matter was unassigned.

16. **Unauthorized Adjudication:** Despite this lack of authority, Defendant Frulla—acting without a legal assignment—performed extra-judicial administrative acts.

17. **Evidence of Intent:** On February 16, 2026, Defendant Hillis admitted in writing (Exhibit K) an intent to shop for "any judge" to bypass the rule of law, confirming a conspiratorial meeting of the minds.

18. **State-Sponsored Financial Extortion:** On February 6, 2026, the state forum conditioned Plaintiff's constitutional rights upon the unilateral payment of non-statutory "Special Judge" fees.

19. **Extortionate Conversion of Federal Property:** On July 23, 2025, while Plaintiff was in custodial restraints, Defendants Sukapurath and Hillis misappropriated Plaintiff's U.S. Passport—exclusive property of the U.S. Government per *22 C.F.R. § 51.7*

20. **Passport Ransom:** Plaintiff's physical liberty was held "ransom" until a fraudulent Power of Attorney (POA) was extracted under duress. This violation of the Supremacy Clause shocks the conscience.

21. **First Amendment Retaliation:** On March 12, 2026, Defendant Jenkins issued bench-issued threats of "dire consequences" targeting Plaintiff's exercise of his right to seek federal redress.

22. **Judicial Protectionism:** At the same hearing, Defendant Jenkins signaled a professional "comradeship" with other members of the judiciary, specifically identifying Judge Carol Chumney as a protected interest.

23. **Deliberate Violation of Mandatory Stay:** On March 13, 2026, following the filing of a Mandatory Motion for Recusal, Defendant Jenkins signaled an intent to ignore the self-executing stay and enter a dismissal order.

24. **Declaration of Fear:** The systemic hostility necessitated Plaintiff filing a formal Declaration of Fear and requesting Protective Standby from the Sheriff.

25. **The Blueprint:** The February 16, 2026, Hillis Email (Exhibit K) served as the blueprint for the subsequent unauthorized orders and retaliatory threats.

## TABLE 2: CHRONOLOGY OF CONSTITUTIONAL COLLAPSE

| Date | Event | Federal Legal Relevance |
|---|---|---|
| Feb 6, 2026 | "Pay-to-Play" Hearing | Chancellor Jenkins implements financial barriers to judicial access, conditioning rights on private fees. |

| Date | Event | Federal Legal Relevance |
|---|---|---|
| Feb 16, 2026 | The Hillis Threat (Exhibit K) | Defendant Hillis admits intent to use "any judge" and threatens "consequences" for Plaintiff's federal filings. |
| Feb 17, 2026 | The Frulla "Ghost" Order | **Execution of the Threat:** One day after the Hillis email, Defendant Frulla (unassigned) signs the Fifth OP extension in a vacuum. |
| Mar 12, 2026 | The "Dire Consequences" Threat | Chancellor Jenkins ratifies the Hillis threat in open court, specifically citing Plaintiff's "higher court" filings. |
| Mar 13, 2026 | Rule 10B Stay Violation | Jenkins signals intent to dismiss the case despite a mandatory statutory stay, proving "Bad Faith" under *Younger*. |
| Mar 16, 2026 | Federal Filing | Plaintiff seeks emergency intervention to prevent the finalized destruction of rights on the March 23 milestone. |

## TABLE 3: PROCEDURAL ERRORS & CONSTITUTIONAL IMPACT

| MINISTERIAL ERROR | SOURCE / PROOF | CONSTITUTIONAL CONSEQUENCE |
|---|---|---|
| Lack of Assignment | Clerk: "It is not a Div. 3 case... matter has not been reassigned yet." | **Void Order:** No jurisdiction for Frulla to act. |
| Bad Faith Notice | Hillis Email: "Nothing we have done... is prohibited." | **Conspiracy:** Evidence of willful bypass of legal rules. |
| Administrative Vacuum | Official Docket: Absence of Frulla's name for 120+ days. | **Due Process:** Adjudication by a "Ghost Court" without oversight. |
| Chilled Rights | Jenkins: "Go to higher courts... there will be dire consequences." | **1st Amendment:** Unconstitutional threat by a state official. |

## V. CAUSES OF ACTION

26. **COUNT I: 42 U.S.C. § 1983 – Structural Denial of Due Process (14th Amendment):** Defendants Frulla and Shelby County operated a "Ghost Court" in a jurisdictional void. Defendant Frulla is stripped of immunity for acting in the absence of jurisdiction.

27. **COUNT II: 42 U.S.C. § 1983 – First Amendment Retaliation:** Defendant Jenkins' threat of "dire consequences" for federal filings constitutes a per se adverse action designed to chill constitutional petition rights.

28. **COUNT III: Violation of the Supremacy Clause:** Defendants Hillis and Sukapurath engaged in the Extortionate Conversion of Federal Property (U.S. Passport) to extract a state-court advantage.

29. **COUNT IV: 42 U.S.C. § 1983 – Civil Conspiracy:** Defendants engaged in a coordinated "chain of retaliation" to bypass the rule of law and punish Plaintiff for seeking federal redress.

30. **COUNT V: Monell Liability:** Shelby County is liable for the systemic failure of the Clerk's Office to supervise assignments and the active participation of staff in validating extorted instruments.

31. **COUNT VI: 14th Amendment – Substantive Due Process:** The "pay-to-play" scheme and the conversion of a public tribunal into a retaliatory "closed loop" shocks the conscience and violates the decencies of justice.

## VI. PRAYER FOR RELIEF

32. **Emergency Injunctive Relief:** Issue a TRO and Preliminary Injunction against Defendant Jenkins staying state proceedings and enjoining retaliatory acts.

33. **Declaratory Judgment:** Declare the Frulla orders void *ab initio*.

34. **Voidance of Instrument:** Declare the July 23, 2025 Power of Attorney null and void as the fruit of a poisonous tree.

35. **Damages:** Award compensatory and punitive damages against Individual Capacity Defendants and *Monell* damages against Shelby County.

36. **Constitutional Access:** Grant an immediate 8-hour access window for the Plaintiff with his child for the March 23, 2026 milestone birthday.

Respectfully submitted, this 16th day of March, 2026.

**Dr. Sajeesh Kumar Kamala Raghavan, Ph.D.**

*Plaintiff, Pro Se*

8570 Wood Mills Dr W, Cordova, TN 38016 | (901) 438-7552

Email: sajeeshkr@yahoo.com

## VERIFICATION

I, Dr. Sajeesh Kumar Kamala Raghavan, declare under penalty of perjury that I am the Plaintiff in the above-entitled matter and that the facts stated in the foregoing Verified Complaint are true and correct to the best of my knowledge, information, and belief.

**Executed on March 16, 2026.**

**Dr. Sajeesh Kumar Kamala Raghavan, Ph.D.**

**NOTARY PUBLIC:** _____

**My commission expires:** _10-30-29_

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2026, a true and correct copy of this Verified

Complaint was served upon all Defendants via Private Process Server or Certified Mail (Return

Receipt Requested).

Respectfully submitted, this 16th day of March, 2026.

**Sajeesh Kumar Kamala Raghavan,**

Petitioner, Pro Se

8570 Wood Mills Dr W

Cordova, TN 38016

(901) 438-7552

Email: sajeeshkr@yahoo.com

## TABLE 4: LIST OF EXHIBITS

| Exhibit | Document Description | Federal Legal Purpose & Statutory Basis |
|---|---|---|
| A | **Abridged Docket (CH-25-1747)** | **Bad Faith Exception (*Younger*):** Proof of Chancellor Jenkins' intentional violation of mandatory stay procedures (*Tenn. Sup. Ct. R. 10B*) to bypass federal oversight. |
| B | **Abridged Docket (CT-4324-21)** | **Jurisdictional Vacuum:** Official evidence that the matter occupied a "Ghost Court" status, lacking ministerial assignment during the entry of void orders. |

| Exhibit | Document Description | Federal Legal Purpose & Statutory Basis |
|---------|---------------------|------------------------------------------|
| C | Proposed Order: $500 Sanction | **Financial Coercion:** Proof of "Pay-to-Play" judicial access and the extraction of private fees under color of law, violating the **Equal Protection Clause**. |
| D | Proposed Order: "Dire Consequences" | **1st Amendment Retaliation:** Direct evidence of a state actor (Jenkins) threatening a citizen for seeking federal redress, establishing a **42 U.S.C. § 1983** claim. |
| E | Order of Protection (Fifth OP) | **Void Instrument:** Proof of an order signed by an unassigned candidate (Frulla) in the **"clear absence of all jurisdiction,"** stripping the actor of immunity. |
| F | Rule 60.02 Motion (Stamped) | **Due Process Violation:** Context for the ongoing constitutional injuries and the state court's failure to provide a neutral forum for its review. |
| G | Affidavit of Passport Ransom | **Supremacy Clause Violation:** Verification of the **Extortionate Conversion of Federal Property** (*22 C.F.R. § 51.7*) while Plaintiff was in custodial restraints. |
| H | Proof of Service/Warrants | **Inadequate State Remedy:** Demonstrates that despite seeking state relief, the forum has collapsed into a "closed loop" of bias and retaliation. |
| I | Rule 65(b) Notice to Hillis | **Procedural Compliance:** Proof of notice to the adverse party required for the issuance of a Federal **Temporary Restraining Order (TRO)**. |
| J | Birth Certificate / Milestone Proof | **Irreparable Harm:** Substantiates the imminence of a unique, non-compensable loss (the March 23 milestone) that monetary damages cannot cure. |

10

| Exhibit | Document Description | Federal Legal Purpose & Statutory Basis |
|---|---|---|
| K | Hillis "Any Judge" Email | **Conspiracy Blueprint:** Written admission of a **"meeting of the minds"** between private counsel and unassigned judges to bypass the Rule of Law. |
| L | March 13 Recusal Motion (10B) | **Exhaustion of State Safeguards:** Proves Plaintiff utilized mandatory state procedures which the state court willfully ignored in **Manifest Bad Faith**. |
| M | Notice of Judicial Hostility | **Contemporaneous Record:** Establishes **"Structural Bias"** and the **"Declaration of Fear"** resulting from bench-issued threats and "comradeship" admissions. |
| N | Affidavit of Judicial Dereliction (March 12, 2026) | **Structural Collapse & Monell Liability:** Contemporaneous proof of the misuse of public resources and judicial time for private purposes, substantiating the "jurisdictional vacuum" and "Bad Faith" environment. |